COPY

1  AMY WINTERSHEIMER FINDLEY (BAR NO. 163074)
   MHAIRI L.W. RANSOM (BAR NO. 260173)
2  ALLEN MATKINS LECK GAMBLE
      MALLORY & NATSIS LLP
3  501 West Broadway, 15th Floor
   San Diego, California 92101-3541
4  Phone: (619) 233-1155
   Fax: (619) 233-1158
5  E-Mail: awintersheimer@allenmatkins.com
           mransom@allenmatkins.com
6
   Attorneys for Defendant
7  SPECTRUM SECURITY SERVICES, INC.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 ALLEN BAYS, an individual          Case No. CV10 4362 DDP (MANx)

12           Plaintiff,               NOTICE OF REMOVAL OF ACTION
                                      UNDER 28 U.S.C. § 1442(a)(1)
13     v.

14 SPECTRUM SECURITY SERVICES, INC., a
   California Corporation, and DOES 1-100,
15
             Defendants.
16

17     TO THE CLERK OF THE ABOVE-ENTITLED COURT:

18         PLEASE TAKE NOTICE that Defendant SPECTRUM SECURITY SERVICES, INC.

19 ("Defendant") hereby removes to the United States District Court for the Central District of

20 California, the action pending in the Superior Court of the State of California in and for the

21 County of Los Angeles, Case No. BC 435447, and states as follows:

22     1.     On April 8, 2010, an action was commenced in the Superior Court of the State of

23 California in and for the County of Los Angeles ("Superior Court") entitled *Allen Bays v.*

24 *Spectrum Security Services, Inc., a California Corporation, and DOES 1-100,* " as Case Number

25 BC435447 ("Action").

26     2.     The first date upon which Defendant was served with a copy of the Summons and

27 Complaint in this Action ("Complaint") was May 13, 2010.  Copies of all court documents

28 received by Defendant, including the Summons, Complaint, Civil Case Coversheet, Notice of

1   Case Assignment, ADR Information Package, Peremptory Challenge to Judicial Order, Further

2   Order of the Court and Re-Assignment are attached hereto as Exhibit "A".

3          3.       Defendant's removal is timely in that this Notice of Removal is filed within thirty

4   (30) days of service of the Complaint upon Defendant.  28 U.S.C. § 1446(b).  In addition, no other

5   defendants are required to join in this Notice of Removal because no other defendants have been

6   named or served.

7          4.       This Court has original jurisdiction over this Action and this Action is one which

8   may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1442(a)(1) in that it is a

9   civil action in which a party to the action (Defendant, Spectrum Security Services, Inc.) was acting

10  under the direction of an officer of the United States (the Immigration and Customs Enforcement

11  Agency), and the amount in controversy exceeds the sum of $75,000, exclusive of interest and

12  costs.

13         5.       Concurrent with the filing of this Notice of Removal, Defendant will serve all

14  adverse parties with the Notice to Superior Court and Adverse Parties of Removal to Federal

15  Court.  A copy of this Notice is attached hereto as Exhibit "B".

16         6.       Exhibits "A" and "B" to this Notice of Removal constitute all process, pleadings

17  and orders served upon Defendant in this action, or filed by Defendant with the Superior Court.

18

19  Dated:  June 14, 2010                    ALLEN MATKINS LECK GAMBLE
20                                            MALLORY & NATSIS LLP

21                                          By: _Amy Wintersheimer Findley_____
22                                            AMY WINTERSHEIMER FINDLEY
                                             MHAIRI L.W. RANSOM
23                                           Attorneys for Defendant SPECTRUM
                                             SECURITY SERVICES, INC.
24

25

26

27

28

## PROOF OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is 501 West Broadway, 15th Floor, San Diego, California 92101-3541.

On **June 14, 2010**, I served the within document(s) described as:

- **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1)**

on the interested parties in this action as stated below:

| | |
|---|---|
| Samuel J. Wells, Esq.<br>Law Offices of Samuel J. Wells<br>11661 San Vicente Boulevard, Suite 500<br>Los Angeles, CA 90049-5113 | Attorneys for Plaintiff ALLEN BAYS<br>Phone: (310) 207-4456<br>Fax: (310) 207-5006 |

☒   **BY MAIL:** I placed a true copy of the document in a sealed envelope or package addressed as indicated above on the above-mentioned date in San Diego, California for collection and mailing pursuant to the firm's ordinary business practice. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on June 14, 2010, at San Diego, California.

_____
Susan L. Pierson
(Type or print name)

_____
(Signature of Declarant)

# EXHIBIT "A"

**CONFORM**

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:** Spectrum Security Services, Inc.
*(AVISO AL DEMANDADO):*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 08 2010

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
COURTNEY SWAIN

**YOU ARE BEING SUED BY PLAINTIFF:** Allen Bays
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Stanley Mosk Courthouse<br>111 North Hill St.<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC433447 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Samuel J. Wells, Esq.
11661 San Vicente Blvd., Suite 500
Los Angeles, CA 90049
(310) 207-4456

DATE: April 8, 2010                Clerk, by _____, Deputy
*(Fecha)*                *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Spectrum Security Services, Inc.

Under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Legal
Solutions
ePlus

Code of Civil Procedure §§ 412.20, 465

Ex. A- Page 000001

CONFORM

1  SAMUEL J. WELLS, ESQ. (State Bar No. 48851)
   Samuel J. Wells, A Professional Corporation
2  11661 San Vicente Boulevard, Suite 500
   Los Angeles, California 90049-5113
3  (310) 207-4456; FAX (310) 207-5006
   thefirm@swellslaw.com
4
   Attorney for Plaintiff Allen Bays

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 08 2010

John A. Plaize, Executive Officer/Clerk
By _____, Deputy
CINDY SWAIN

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF LOS ANGELES

10

11  ALLEN BAYS, an individual,          )   CASE NUMBER  BC435447
                                        )
12                        Plaintiff,    )
                                        )
13  v.                                  )   COMPLAINT FOR:
                                        )
14                                      )   1.  Violation of California Labor Code Section
    SPECTRUM SECURITY SERVICES, INC.,   )       1102.5
15  a California Corporation, and DOES 1-100 ) 2.  Violation of the Public Policy of the State of
                                        )       California
16                                      )
                         Defendants.    )
17                                      )   JURY TRIAL DEMANDED

18

19         For his Complaint against Defendant Spectrum Security Services, Inc., Plaintiff

20  Allen Bays alleges as follows:

21                              THE PARTIES

22         1.    Plaintiff ALLEN BAYS ("MR. BAYS" or "PLAINTIFF") is and at all

23  times mentioned herein was an adult residing in the County of Los Angeles, State of

24  California.

25         2.    Defendant SPECTRUM SECURITY SERVICES, INC. (hereinafter

26  "Defendant" or "Spectrum") is, and all times relevant herein was, a company doing

27  substantial business in the County of Los Angeles.

28

G:\BAYS\Pleadings\Drafts\Complain...wpd                     1
                                      COMPLAINT

Ex. A- Page 000002

3. The true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and caused injury and damage proximately thereby to Plaintiff as hereinafter alleged. Plaintiff will seek leave of court to amend this **Complaint** to show the true names and capacities of the Defendants designated herein as DOES when the same have been ascertained. Whenever in this complaint reference is made to "Defendants," such allegation shall be deemed to mean the acts of Defendants acting individually, jointly, and/or severally.

4. Except as hereinafter specifically described, Defendants and each of them, are and were the agents and/or employees of the other Defendants, and in acting as described herein were acting within the scope of their authority or employment as agents and/or employees thereof, and with the permission and consent of the other Defendants.

## COMMON ALLEGATIONS

5. Mr. Bays initially was employed with Defendant Spectrum from October 1, 2004 through October 1, 2005.

6. At that time Defendant Spectrum had a contract with the **United States Immigration and Customs Enforcement** (hereinafter "ICE"). ICE maintained certain detention facilities, including a Los Angeles Detention Center and an Orange County **Detention Center**, as well as satellite facilities and certain hotels where detainees were housed. The contract between Defendant Spectrum and ICE retained Defendant Spectrum to provide staffing **at its** detention facilities.

7. On or about October 2005, Defendant Spectrum lost its contract with ICE and the contract was awarded to US Protect. US Protect subsequently hired **Mr. Bays** as the Project Manager for the ICE contract in the Los Angeles Area .

1     8.    On or about March 2006, Defendant Spectrum won back the contract

2    with ICE, and Mr. Bays resumed working as an employee of Defendant Spectrum.

3         9.    Mr. Bays initially held the position of Lieutenant at Spectrum Security

4    Services.  When Spectrum won back the contract with ICE, Mr. Bays was retained as a

5    Captain and held that position until the end of his employment with Spectrum Security

6    Services.

7         10.    Mr. Bays' primary duty as a Captain was to oversee Defendant

8    Spectrum's performance of its entire ICE contract for the Los Angeles area.  As part of this

9    duty, Mr. Bays was in charge of scheduling officers, overseeing other personnel that

10    scheduled officers, handling disciplinary actions, and "post checking," which included

11    visiting the detention centers, and off-site facilities such as hotels and hospitals.  Mr. Bays

12    was in charge of approximately 70 Spectrum security officers.

13         11.    While Mr. Bays was in charge of contract compliance for Defendant

14    Spectrum with respect to the ICE contract, Mr. Bays was not the direct interface or liaison

15    with ICE.  Initially Jim Stanfield was the direct interface or liaison with ICE for contract

16    compliance.  Subsequently Henry Lewis fulfilled that role.

17         12.    During the first period that Mr. Bays worked for Defendant Spectrum,

18    the contract between Defendant Spectrum and ICE provided reimbursement to Defendant

19    Spectrum for a supervisory position, to supervise the guards assigned to specific posts.

20    During the second period that Mr. Bays worked for Defendant Spectrum, the ICE contract

21    still required Defendant Spectrum to have a supervisor over the guards assigned to specific

22    posts, but did not provide for payment to Defendant Spectrum for the supervisor position.

23    Instead, the expense of such a supervisorial position was to be borne by Defendant Spectrum

24    as part of its own overhead.

25         13.    When Defendant Spectrum won back the ICE contract, Mr. Bays

26    initially out of an office located at a hotel in downtown Los Angeles.  From there, he often

27    went to the various ICE detention facilities to perform his duties as a supervisor.

28

Ex. A- Page 000004

14.   On or about September 2006, Bays was reassigned to a security officer post at a hospital facility in Alhambra.   The reason was that Spectrum wanted to post Mr. Bays as a security guard at a facility was so it could bill the government for his time, and not have to pay Mr. Bays' salary out of its own funds without reimbursement from ICE.

15.   Defendant Spectrum told Mr. Bays that he remained responsible for performing his supervisorial duties with respect to the Los Angeles area.   He was told that he was to sign in as a security guard, but to also leave if necessary to perform duties as a supervisor.   However, as a security officer assigned to a post, under the ICE contract and the supposed rules of Defendant Spectrum, Mr. Bays was required to remain at his post to guard the detainee in the room to which he was assigned.

16.   While assigned to the security guard post at the Alhambra facility guarding detainees in a specific room, Defendant Spectrum told Mr. Bays to leave the facility to go and do post checks at other facilities.   Mr. Bays told Defendant Spectrum that he would not do this because he believed through his experience working on ICE contracts, that when he was assigned to guard a detainee, that it would be a breach of security and a breach of the ICE contract to leave the detainee unattended.

17.   During the period from September, 2006, through November, 2007, Mr. Bays was, on occasions, not assigned to a specific room.   At these times, he would perform his supervisorial duties.   However, when he was assigned to a room, he remained at his post.

18.   On a number of occasions, when assigned to a hospital post, Mr. Bays informed Defendant Spectrum that there was no supervision at the hotel facilities, and that it was unsafe.   He was told he would have to "make do."

19.   In addition, during the period from 2006 to 2007, Mr. Bays was told by Lieutenant Nelson, the person in charge of scheduling officers that he should leave a blank space on the sign-in sheet on occasions.   The purpose of Nelson's request was to allow Defendant Spectrum to later fill in that blank with the name of an officer who had not actually been there at the time indicated on the sign-in sheet, and then bill the United States

GADAYS\Pleading\Drrin\Complaint1.wpd

4

COMPLAINT

1    government for the time. In addition, the blank space was used to indicate that a supervisor

2    had been to the facility to do a post check, when in fact this was not true. Mr. Bays

3    refused to participate in this action.

4             20.      Nelson also asked Mr. Bays to sign employees in as if they had been

5    on time, when in fact they had not. Sometimes the employees were extremely late, and at

6    other times employees did not show at all due to scheduling errors. Rather than show the

7    vacancy with no technical officer posted to a detainee, Nelson asked Mr. Bays to sign them

8    in at a specific time as if they were on time. Nelson's requests to Mr. Bays that he

9    fraudulently complete duty rosters were a semi-regular occurrence. At all times, Mr. Bays

10   refused to participate in this activity.

11            21.      Mr. Bays complained to Stanfield that Nelson was requesting him to

12   fraudulently complete duty rosters.

13            22.      On or about November 2007, Henry Lewis became Mr. Bays' new

14   supervisor.

15            23.      Thereafter, on several occasions, Mr. Bays told Mr. Lewis about the

16   request to leave blanks on the sign-in sheet and his belief that it was wrong. Mr. Lewis told

17   him to do as he was told. Mr. Bays continued to refuse to comply with Nelson's requests.

18   Lewis told Mr. Bays that he would take care of it. From that point forward, Spectrum

19   required that they wanted a space left open on a duty roster. Mr. Bays was instructed to

20   leave a blank space next to someone's name and they would call it a "post check" and

21   would take care of it at the office.

22            24.      On or about November 2007, Mr. Bays was relocated to another

23   psychiatric facility in Cerritos. At that facility, Mr. Bays' duties were supposed to include

24   overseeing the operations at the facility, while at the same time he was going to be

25   performing guard duties.

26            25.      During Mr. Bays' employment, when he had an employee with

27   disciplinary problems, he would always have to check with his immediate supervisor to get

28

1  permission to proceed with disciplinary action. Initially his supervisor was Jim Stanfield. It
2  later became Henry Lewis.

3       26.     During the time period Mr. Bays was supervised by Stanfield, there
4  was a pattern that when the Mr. Bays wanted to discipline an employee that was in good
5  standing with Mr. Stanfield, he would not be allowed to proceed with disciplinary action.
6  When it was an employee Mr. Stanfield did not like, then Mr. Bays was allowed to proceed
7  with disciplinary action.

8       27.     Mr. Bays was told by Stanfield that he was not allowed to go above
9  Stanfield on disciplinary issues.

10      28.     During the time period that Mr. Bays was supervised by Henry Lewis,
11  the process of disciplinary action was the same. Mr. Bays would report his findings to
12  Lewis and Lewis would make it clear that Mr. Bays could not issue even verbal counseling
13  without consulting with Lewis first.

14      29.     Mr. Bays would also not be allowed to pursue discipline on employees
15  who were friendly with Lewis.

16      30.     Through conversation with Stanfield, Mr. Bays learned that if
17  Defendant Spectrum wished to terminate an employee, it engaged in a practice of going to
18  go to ICE and getting ICE to remove the employee's security clearance. Once the
19  employee no longer had a security clearance, Defendant Spectrum then would have cause to
20  terminate the employee. As a result, the employee would not be able to collect
21  unemployment benefits against Spectrum.

22      31.     On two occasions, Mr. Bays went to ICE and informed ICE of
23  incidents involving Spectrum employees.

24      32.     Mr. Bays first informed ICE of a female employee based in the B18
25  detention facility who had taken a phone number from a detainee inside one of the cell
26  blocks. Mr. Bays informed ICE of this incident because it was a breach of security. As a
27  result of Mr. Bays' report of the incident to ICE, ICE directed that the employee be moved
28  to another facility. However, the employee wasn't terminated by Spectrum.

Ex. A- Page 000007

33. Mr. Bays was part of reporting a second incident to ICE involving an officer who left his post at a hotel to pick up lunch. Stanfield initially reported the incident to ICE. Mr. Bays was told to go to the location and investigate what had occurred. Mr. Bays reported to ICE that the officer had in fact left his post to pick up lunch. This employee's security clearance was removed by ICE. Mr. Bays is informed and believes that this was because Defendant Spectrum was unhappy with the employee for other reasons.

34. Once Lewis became Mr. Bays' supervisor, he began to make attempts to create reasons to terminate Mr. Bays' employment.

35. In January, 2008, Lewis assigned the Mr. Bays to the Santa Ana detention facility. Lewis well knew that Mr. Bays lived in Palmdale, and knew that the assignment would create a terrible commute for Mr. Bays.

36. When Mr. Bays was initially assigned to Santa Ana, Mr. Bays was assigned the 6:00 A.M. to 2:00 P.M. shift. Mr. Bays remarked to Lewis that at least the shift would allow him to bypass traffic to and from work driving that distance. The following day Lewis called Mr. Bays and reassigned him to work 8:00 A.M. to 4:00 P.M..

37. Thereafter, Lewis pulled Mr. Bays aside and said that he had heard the Mr. Bays had let his firearms card expire. Lewis informed Mr. Bays that he was relieving him of duty and that the Mr. Bays would be suspended pending further investigation with no guarantees as to whether he would be coming back.

38. Mr. Bays explained to Lewis that the firearms permit was not a requirement of the contract and that the majority of employees working at Spectrum did not have valid firearms permits. Lewis vehemently disagreed with Mr. Bays' characterization, but took the matter under advisement.

39. After "taking the matter under advisement," Lewis was forced to call Mr. Bays back and let him know that the Mr. Bays didn't have to worry about a firearms permit.

Ex. A- Page 000008

1        40.    In addition, while Mr. Bays was assigned to the Santa Ana facility, he

2   noticed that Lewis would walk around the parking lots early in the morning waiting for Mr.

3   Bays to arrive to see if Mr. Bays was going to be late.

4        41.    Lewis assigned Mr. Bays a Nextel phone and told the Mr. Bays that he

5   was required to answer the phone at any given time day or night.   Mr. Bays told Lewis that

6   the Mr. Bays was an hourly employee, not a salaried employee, and therefore would have to

7   be paid if he worked after his normal shift.   Lewis told the Mr. Bays that he was not being

8   paid beyond his eight hours and that the Mr. Bays could either go along with it or he won't

9   be there any more.

10       42.    When Mr. Bays was told he was being reassigned to the Los Angeles

11  Detention Center, the "B18 detention facility," Mr. Bays felt he was being sent there to set

12  him up for termination.  Another officer told Mr. Bays when she heard he was being sent

13  there, and to "watch your back."

14       43.    Shortly thereafter, Mr. Bays was alleged to have left the main control

15  room at the B18 detention center while detainees were being interviewed by their consulate

16  members, and therefore left the detainees alone with the consulate members.  Had he done

17  so, it would have been a breach of security.

18       44.    The truth was that Mr. Bays did not leave the detainees alone with

19  their consulate members.  There was another officer present, Officer Zalaya, who was

20  stationed in an area where he could observe the meeting between the detainees and the

21  consulate members.  Mr. Bays was sitting in an area slightly removed, at another desk. At

22  all times, there was a guard present when the detainees met with the consulate members.

23       45.    Mr. Bays was never interviewed by ICE or Defendant Spectrum

24  regarding the alleged breach of security.  Although in the past Defendant Spectrum had

25  "gone to bat" for other employees who supposedly engaged in security breaches, so that ICE

26  did not revoke their security clearances, it did nothing to assist Mr. Bays.  Defendant

27  Spectrum could have interviewed Mr. Bays regarding the alleged incident and gone to ICE

28

1   to determine if the allegations were true. It did not. Mr. Bays is informed and believes that

2   Defendant Spectrum advised ICE to go forward and terminate his clearance.

3           46.   Mr. Bays is informed and believes that ICE would not have revoked

4   his security clearance if Defendant Spectrum had requested that it not be revoked.

5           47.   Defendant Spectrum terminated Mr. Bays' employment on April 10,

6   2008. Defendant Spectrum told Mr. Bays that he was being let go because ICE was

7   revoking his security clearance.

8           48.   Following his termination, Mr. Bays complained to ICE via letter that

9   he was terminated based on incorrect information, and that he had never left the detainees

10  alone with the consulate members. Mr. Bays asked for an investigation into the incident.

11  Mr. Bays never heard back from ICE.

12

13                              FIRST CAUSE OF ACTION

14          FOR VIOLATION OF CALIFORNIA LABOR CODE SECTION 1102.5

15

16          49.   Plaintiff realleges each of the allegations of paragraphs 1 through 47,

17  above, inclusive, and incorporates the same herein by this reference.

18          50.   Defendant Spectrum was motivated, at least in substantial part, to

19  terminate Mr. Bays' employment in retaliation for Mr. Bays' refusal to engage in the

20  following actions:

21          (a)   Refusing Defendant Spectrum's request that he falsify his own logs, to

22                show that he was on duty as a security guard when, in fact, he was

23                absent from the post to perform supervisory duties.

24          (b)   Refusing Defendant Spectrum's request that he participate in **falsifying**

25                sign-in sheets by leaving blanks in the sheets which later would be

26                filled in to indicate that an employee of Defendant Spectrum was

27                present when in fact he was not.

28

G:\BAYS\Pleading\Drafts\Complaint.wpd                    9

                                COMPLAINT

1    51.   Mr. Bays' refusal to participate in these activities constituted a refusal

2    to participate in an activity that would result in a violation of state or federal statute, or a

3    violation or noncompliance with a state or federal rule or regulation.

4    52.   Defendant Spectrum's retaliation against Mr. Bays for refusing to

5    participate in such illegal activity violated California Labor Code Section 1102.5, which

6    provides that an employer may not retaliate against an employee for refusing to participate in

7    an activity that would result in a violation of state or federal statute, or a violation or

8    noncompliance with a state or federal rule or regulation.

9    53.   As a direct and proximate result of the actions of Defendant Spectrum,

10   Mr. Bays has suffered substantial financial and economic damages, including lost earnings

11   and damage to his ability to earn a living.  He was unable to find other high-level security

12   work, due to the revocation of his security clearance.

13   54.   As a further result of the actions of Defendant Spectrum, Mr. Bays

14   suffered humiliation, embarrassment, anxiety, feelings of helplessness and depression, and

15   grief.

16   55.   By the acts and omissions alleged herein, the Defendants, and each of

17   them, engaged in wrongful conduct intended to injure Mr. Bays, and/or acted and failed to

18   act with willful and conscious disregard of Mr. Bays' Plaintiff's health and rights.  Further,

19   by virtue of the acts and omissions alleged herein, Defendants, and each of them, subjected

20   Mr. Bays to cruel and unjust hardship in conscious disregard of his rights.  The conduct of

21   Defendants, and each of them, thus constitutes malice, oppression and fraud.  For the

22   foregoing reasons, Mr. Bays seeks exemplary damages against Defendants, and each of them,

23   in an amount sufficient to punish and deter them.

24   56.   Mr. Bays further seeks an award of attorneys fees and costs.

25                    SECOND CAUSE OF ACTION

26            FOR VIOLATION OF PUBLIC POLICY

27   57.   Plaintiff realleges each of the allegations of paragraphs 1 through 51

28   above, inclusive, and incorporates the same herein by this reference.

Ex. A- Page 000011

1    58.    The termination of Mr. Bays' employment by Defendant Spectrum, as

2    hereinabove alleged, violated the public policy of the State of California. Such public policy

3    is to be found in, among other places, the federal False Claims Act (31 U.S.C. § 3729 et

4    seq.), California Labor Code Section 1102.5, California Business and Professions Code

5    Section 17200, and California Penal Code Section 484.

6    59.    As a direct and proximate result of the actions of Defendant Spectrum,

7    Mr. Bays has suffered substantial financial and economic damages, including lost earnings

8    and damage to his ability to earn a living. He was unable to find other high-level security

9    work, due to the revocation of his security clearance.

10    60.    As a further result of the actions of Defendant Spectrum, Mr. Bays

11    suffered humiliation, embarrassment, anxiety, feelings of helplessness and depression, and

12    grief.

13    61.    By the acts and omissions alleged herein, the Defendants, and each of

14    them, engaged in wrongful conduct intended to injure Mr. Bays, and/or acted and failed to

15    act with willful and conscious disregard of Mr. Bays' Plaintiff's health and rights. Further,

16    by virtue of the acts and omissions alleged herein, Defendants, and each of them, subjected

17    Mr. Bays to cruel and unjust hardship in conscious disregard of his rights. The conduct of

18    Defendants, and each of them, thus constitutes malice, oppression and fraud. For the

19    foregoing reasons, Mr. Bays seeks exemplary damages against Defendants, and each of them,

20    in an amount sufficient to punish and deter them.

21    WHEREFORE, Plaintiff, ALLEN BAYS, prays judgment against Defendants,

22    and each of them, as follows:

23    1.    General and special damages in an amount according to proof, but in

24    excess of the jurisdictional limit of this Court.

25    2.    Attorneys'fees and costs of litigation, according to proof;

26    3.    Punitive and exemplary damages.

27    ///

28    ///

Ex. A- Page 000012



4.     Such other and further relief as the Court deems just and proper.

DATED:   April 8, 2010

SAMUEL J. WELLS
A Professional Corporation

By:

SAMUEL J. WELLS, Attorney for
Plaintiff ALLEN BAYS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

G:\BAYS\d\Pleading\Drafts\Complaint.wpd

12

COMPLAINT

Ex. A- Page 000013

CONFORM

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Samuel J. Wells, Esq. (SBN 48851)<br>11661 San Vicente Blvd., Suite 500<br>Los Angeles, CA 90049<br><br>TELEPHONE NO: (310) 207-4456   FAX NO: (310) 207-5006<br>ATTORNEY FOR (Name): Plaintiff Allen Bays | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>APR 08 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>DOROTHY SEAN |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles .
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: Bays v. Spectrum Security Services, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC435447 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint (not specified above) (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition (not specified above) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive

**4.** Number of causes of action (specify): 2

**5.** This case [ ] is [X] is not a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 8, 2010

Samuel J. Wells, Esq. (SBN 48851)
_____ (TYPE OR PRINT NAME)      _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Ca. Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Ex. A- Page 000014

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                     CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
    Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (not eminent domain, landlord/tenant, or foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (non-domestic relations)
    Sister State Judgment
    Administrative Agency Award (not unpaid taxes)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
    Declaratory Relief Only
    Injunctive Relief Only (non-harassment)
    Mechanics Lien
    Other Commercial Complaint Case (non-tort/non-complex)
    Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                          CIVIL CASE COVER SHEET                                    Page 2 of 2

Ex. A- Page 000015

# CONFORM

| SHORT TITLE: Allen Bays v. Spectrum Security Services, Inc. | CASE NUMBER BC435447 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 14 [ ] HOURS/ [X] DAYS

**Item II.** Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (See Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [ ] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013  Fraud (no contract) | 1., 2., 3. |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| | | |
|---|---|---|
| **SHORT TITLE:** Allen Bays v. Spectrum Security Services, Inc. | | **CASE NUMBER** |

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|
| **Professional Negligence (25)** | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| **Other (35)** | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Wrongful Termination (36)** | ☒ A6037  Wrongful Termination | 1., 2., 3. |
| **Other Employment (15)** | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Breach of Contract/ Warranty (06) (not insurance)** | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| **Collections (09)** | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| **Insurance Coverage (18)** | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| **Other Contract (37)** | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Eminent Domain/Inverse Condemnation (14)** | ☐ A7300  Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| **Wrongful Eviction (33)** | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| **Other Real Property (26)** | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer - Commercial (31)** | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| **Unlawful Detainer - Residential (32)** | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| **Unlawful Detainer - Drugs (38)** | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Asset Forfeiture (05)** | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| **Petition re Arbitration (11)** | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Left margin category labels (top to bottom): Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.); Employment; Contract; Real Property; Unlawful Detainer; Judicial Review

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Ex. A- Page 000017

| SHORT TITLE: Allen Bays v. Spectrum Security Services, Inc. | CASE NUMBER: |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|

**Judicial Review (Cont'd.)**

| Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |

**Provisionally Complex Litigation**

| Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |

**Enforcement of Judgment**

| Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | ☐ A6160  Abstract of Judgment | 2., 6. |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |

**Miscellaneous Civil Complaints**

| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |

**Miscellaneous Civil Petitions**

| Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | ☐ A6190  Election Contest | 2. |
| | ☐ A6110  Petition for Change of Name | 2., 7. |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | ☐ A6100  Other Civil Petition | 2., 9. |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Ex. A- Page 000018

| SHORT TITLE: Allen Bay's v. Spectrum Security Services, Inc. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE. | ADDRESS: |
|---|---|
| ☐ 1.  ☒ 2.  ☒ 3.  ☐ 4.  ☐ 5.  ☐ 6.  ☐ 7.  ☐ 8.  ☐ 9.  ☐ 10. | Spectrum Security Services 300 North Los Angeles Street |
| **CITY:** Los Angeles | **STATE:** CA  **ZIP CODE:** 90012 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk Courthouse ___ courthouse in the Central ___ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

· Dated: April 8, 2010

(SIGNATURE OF ATTORNEY/FILING PARTY)

---

PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 4 of 4

Ex. A- Page 000019

NOTICE SENT TO:

Wells, Samuel Jay, Jr., Esq.
Samuel J. Wells, APC
11661 San Vicente Blvd., Suite 500
Los Angeles,        CA  90049-5113

CONFORMED COPY
ORIGINAL FILED
Los Angeles County Superior Court

APR - 2 2010

John A. Clarke, Executive Officer/Clerk

By _____, Deputy

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| ALLEN BAYS | | CASE NUMBER |
|---|---|---|
| | VS.  Plaintiff(s), | BC435447 |
| SPECTRUM SECURITY SERVICES INC | Defendant(s). | NOTICE OF CASE MANAGEMENT CONFERENCE |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for July 13, 2010 at 8:30 am in Dept. 34 at 111 N. Hill Street, Los Angeles, California 90012:

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:   April 12, 2010

Judicial Officer   THOGUE

CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[X] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date:   April 12, 2010

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 01/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

Ex. A- Page 000020

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____ BC 435447

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | | 700 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 |
| Hon. Zaven V. Sinanian | 21 | 515 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | | 517 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. James R. Dunn | | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | | 313 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. John A. Kronstadt | 33 | 600 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 33 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 405 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | | 425 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | | 416 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 475 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | Hon. Emilie H. Elias* | 324 | CCW |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Other | | |
| Hon. Ronald M. Sohigian | 41 | 427 | | | |

*Class Actions

All class actions are initially assigned to Judge Emilie H. Elias in department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

Ex. A- Page 000022

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES,
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate**
    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate**
    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate**
    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate**
    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    **Cases for Which Neutral Evaluation May Be Appropriate**
    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    **Cases for Which Neutral Evaluation May Not Be Appropriate**
    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 01/09)
LASC Approved 10-03

Page 1 of 2

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

**CIVIL**

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

**FAMILY LAW (non-custody)**

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

**PROBATE**

- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT PANELS

**Party Select Panel** — The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Random Select Panel** — The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the justice system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral** — The market rate for private neutrals can range from $300-$1,000 per hour.

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| | | | | | |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | Suite | Lancaster, CA 93534 | (661)974-7276 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 270 | Glendale, CA 91206 | (818)500-3550 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-5272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 309 | Norwalk, CA 90650 | (562)262-9288 | (562)468-3019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5686 | (626)568-1774 |
| Pomona | 400 Civic Center Plaza | 109 | Pomona, CA 91766 | (909)620-3553 | (909)620-0283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6051 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90405 | (310)260-1829 | (310)319-5130 |
| Stanley Mosk | 111 N. Hill St. | 115 | Los Angeles, CA 90012 | (213)974-5425 | (213)626-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | | Van Nuys, CA 91401 | (818)374-2267 | (818)902-2440 |

Partially funded by the Los Angeles County Dispute Resolution Program.
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

LAADR 005 (Rev. 06/09)
LASC Approved 10-03

Ex. A- Page 000024

**CONFORM**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Received for Clerk's File Stamp |
|---|---|---|
| Samuel J. Wells<br>Samuel J. Wells, APC<br>11661 San Vicente Boulevard, Suite 500<br>Los Angeles, California 90049-5113 | 43851 | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>APR 15 2010<br><br>John A. Clarke, Executive Officer/Clerk |

ATTORNEY FOR (Name): Plaintiff, Allen Bays

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

By _____ RAUL SANCHEZ _____ Dept

COURTHOUSE ADDRESS: 111 North Hill Street
Los Angeles, California 90021

PLAINTIFF: ALLEN BAYS

DEFENDANT: SPECTRUM SECURITY SERVICES, INC.

| AFFIDAVIT OF PREJUDICE<br>PEREMPTORY CHALLENGE TO JUDICIAL OFFICER<br>(Code Civ. Proc. § 170.6) | CASE NUMBER:<br>BC435447 |
|---|---|

| Name of Judicial Officer:<br>RAY D. HOGES | Dept./Div. Number<br>54 |
|---|---|
| [X] Judge          [ ] Commissioner          [ ] Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| Date:<br>APRIL 14, 2010 | Signature of Declarant | ALLEN BAYS<br>(Name of Party)<br>[X] Plaintiff      [ ] Cross Complainant<br>[ ] Defendant    [ ] Cross Defendant |
|---|---|---|

LACIV 015 (Rev. 01.07)
LASC Approved 04.04

**AFFIDAVIT OF PREJUDICE**
**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**

Code Civ. Proc., § 170.6

LA-C015

Ex. A- Page 000025

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 04/30/10 | | DEPT. 34 |
|---|---|---|
| HONORABLE AMY D. HOGUE | JUDGE | K. TAPPER DEPUTY CLERK |
| HONORABLE #12 | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| R. MANZO/C.A. | Deputy Sheriff | NONE Reporter |

| 8:00 am BC435447 | Plaintiff |
|---|---|
| ALLEN BAYS VS SPECTRUM SECURITY SERVICES INC | Defendant Counsel |

NATURE OF PROCEEDINGS:

FURTHER ORDER OF COURT

COURT, HAVING READ/CONSIDERED PLAINTIFF'S 4-15-10
PEREMPTORY CHALLENGE (WHICH D34 RECEIVED ON 4-30-10),
HEREBY RULES AS BELOW:

CHALLENGE IS FOUND TIMELY AND IN PROPER FORMAT.
CHALLENGE IS ALLOWED.

CASE IS TRANSFERRED TO D1 FORTHWITH FOR REASSIGNMENT.

CONFERENCE IS ADVANCED FROM 7-13-10 TO THIS DATE AND
VACATED; TO BE RESET AT CONVENIENCE OF RECEIVING COURT

PLAINTIFF, NOTIFIED AS BELOW, TO GIVE NOTICE.

        CLERK'S CERTIFICATE OF MAILING/
           NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
4-30-10 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
Original, entered herein in a separate sealed envelope
for each, addressed as shown below with the postage

            Page   1 of 2   DEPT. 34

MINUTES ENTERED
04/30/10
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 04/30/10 | | | DEPT. 34 |
|---|---|---|---|
| HONORABLE AMY D. HOGUE | JUDGE | K. TAPPER | DEPUTY CLERK |
| HONORABLE #12A | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| R. MANZO/C.A. | Deputy Sheriff | NONE | Reporter |

| 8:00 am | BC435447 | Plaintiff Counsel | |
|---|---|---|---|
| | ALLEN BAYS VS SPECTRUM SECURITY SERVICES INC | Defendant Counsel | |

NATURE OF PROCEEDINGS:

thereon fully prepaid.

Date: 4-30-10

John A. Clarke, Executive Officer/Clerk

By: _____
      K. TAPPER

SAMUEL WELLS, A.P.C.
11661 SAN VICENTE BLVD., #500
LOS ANGELES, CA   90049-5113

Page   2 of 2   DEPT. 34

MINUTES ENTERED
04/30/10
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 05/10/10 | | DEPT. 1 |
| HONORABLE ELIHU M. BERLE | JUDGE  J. JONES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| J. BALTAZAR, C.A. | Deputy Sheriff  NONE | Reporter |

| | | | |
|---|---|---|---|
| 10:20 am | BC435447 | Plaintiff Counsel | NO APPEARANCE |
| | ALLEN BAYS VS SPECTRUM SECURITY SERVICES INC | Defendant Counsel | NO APPEARANCE |
| | plff 170.6 Hogue | | |

NATURE OF PROCEEDINGS:

170.6 CCP RE-ASSIGNMENT

Good cause appearing and on order of the Court, the above matter is reassigned from Department 34, Judge Amy D. Hogue to Department 50, Judge John Shepard Wiley, Jr, for all further proceedings.

If any appearing party has not yet exercised a peremptory challenge under 170.6 CCP, peremptory challenges by them to the newly assigned judge must be timely filed within the 10 day period specified in Section 170.6 CCP, with extensions of time pursuant to CCP 1013 if service is by mail.  Previously non-appearing parties, if any, have a 15-day statutory period from first appearance to file a peremptory challenge (68616(i) Govt. Code).

Moving party to give notice.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 05-10-10 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope.

Page   1 of   2   DEPT. 1

MINUTES ENTERED
05/10/10
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/10/10                                                    DEPT. 1

HONORABLE ELIHU M. BERLE          JUDGE   J. JONES          DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR

        J. BALTAZAR, C.A.      Deputy Sheriff   NONE          Reporter

10:20 am  BC435447                          Plaintiff   NO APPEARANCE
                                            Counsel
          ALLEN BAYS
          VS                                Defendant   NO APPEARANCE
          SPECTRUM SECURITY SERVICES INC    Counsel

          plff 170.6 Hogue

NATURE OF PROCEEDINGS:

for each, addressed as shown below with the postage
thereon fully prepaid.

Date: May 10, 2010

John A. Clarke, Executive Officer/Clerk

By:  _____
          J. JONES

Samuel J. Wells
Samuel J. Wells, APC
11661 San Vicente Blvd., Suite 500
Los Angeles, CA 90049-5113

                Page   2 of   2   DEPT. 1

          ┌─────────────────────┐
          │ MINUTES ENTERED     │
          │ 05/10/10            │
          │ COUNTY CLERK        │
          └─────────────────────┘

EXHIBIT "B"

1  ALLEN MATKINS LECK GAMBLE
       MALLORY & NATSIS LLP
2  AMY WINTERSHEIMER FINDLEY (BAR NO. 163074)
   MHAIRI L.W. RANSOM (BAR NO. 260173)
3  501 West Broadway, 15th Floor
   San Diego, California 92101-3541
4  Phone:  (619) 233-1155
   Fax:  (619) 233-1158
5  E-Mail:  awintersheimer@allenmatkins.com
              mransom@allenmatkins.com
6
   Attorneys for Defendant
7  SPECTRUM SECURITY SERVICES, INC.

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF LOS ANGELES

11

12 | ALLEN BAYS,                          | Case No. BC435447

13 |          Plaintiff,                  | ASSIGNED FOR ALL PURPOSES TO:
                                            Hon. John Shepard Wiley
14 |          vs.                         | Department 50

15 | SPECTRUM SECURITY SERVICES, INC., a  | **NOTICE TO SUPERIOR COURT AND**
     California Corporation, and DOES 1-100, | **ADVERSE PARTIES OF REMOVAL TO**
16 |                                      | **FEDERAL COURT**
              Defendants.
17                                          Complaint filed April 8, 2010

18

19        TO THE CLERK OF THE COURT AND TO PLAINTIFF ALLEN BAYS AND HIS

20 ATTORNEYS OF RECORD:

21        PLEASE TAKE NOTICE THAT a Notice of Removal of Action was filed in the United

22 States District Court for the Central District of California on June 14, 2010.  A copy of the said

23 Notice of Removal is attached to this Notice as Exhibit "1" and is served and filed herewith.

24 / / / / /

25 / / / / /

26 / / / / /

27 / / / / /

28 / / / / /

1      PLEASE TAKE FURTHER NOTICE THAT pursuant to 28 U.S.C. § 1446(d), the filing of

2  the Notice of Removal in federal court, together with the filing of this Notice, effects a complete

3  removal of this action to federal court.

4

5  Dated: June 14, 2010

                          ALLEN MATKINS LECK GAMBLE
6                            MALLORY & NATSIS LLP

7                      By: _____

8                          AMY WINTERSHEIMER FINDLEY
                          MHAIRI L.W. RANSOM
9                          Attorneys for Defendant
                          SPECTRUM SECURITY SERVICES, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

746490.01/SD

-2-

NOTICE TO SUPERIOR COURT AND ADVERSE PARTIES OF REMOVAL TO
FEDERAL COURT

# PROOF OF SERVICE

1

2      I am employed in the County of San Diego, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is 501 West Broadway, 15th

3   Floor, San Diego, California 92101-3541.

4      On **June 14, 2010**, I served the within document(s) described as:

5      •   **NOTICE TO SUPERIOR COURT AND ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT**

6

7   on the interested parties in this action as stated below:

8   Samuel J. Wells, Esq.                          Attorneys for Plaintiff ALLEN BAYS
    Law Offices of Samuel J. Wells                 Phone: (310) 207-4456
    11661 San Vicente Boulevard, Suite 500         Fax: (310) 207-5006

9   Los Angeles, CA 90049-5113

10

11  ☒   **BY MAIL:** I placed a true copy of the document in a sealed envelope or package
        addressed as indicated above on the above-mentioned date in San Diego, California for

12      collection and mailing pursuant to the firm's ordinary business practice. I am familiar with
        the firm's practice of collection and processing correspondence for mailing. Under that

13      practice it would be deposited with the U.S. Postal Service on that same day in the
        ordinary course of business. I am aware that on motion of party served, service is

14      presumed invalid if postal cancellation date or postage meter date is more than one day
        after date of deposit for mailing in affidavit.

15      I declare under penalty of perjury under the laws of the State of California that the

16  foregoing is true and correct.

17      Executed on June 14, 2010, at San Diego, California.

18

19  _____                        _____
        Susan L. Pierson

20       (Type or print name)                       (Signature of Declarant)

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV10- 4362 DDP (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> Allen Bays | **DEFENDANTS** <br> Spectrum Security Services, Inc. |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> Samuel J. Wells, Esq. (Bar No. 48851) <br> 11661 San Vicente Blvd., Suite 500 <br> Los Angeles, CA 90094 <br> (310) 207-4456 | Attorneys (If Known) <br> Amy Wintersheimer Findley (Bar No. 163074) <br> Mhairi L.W. Ransom (Bar No. 260173) <br> Allen Matkins Leck Gamble Mallory & Natsis LLP <br> 501 West Broadway, 15th Floor <br> San Diego, CA 92101 <br> (619) 233-1155 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1442(a)(1) - Party to action was acting under officer to the United States.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R.& Truck | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV10 4362

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
    ☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
    ☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Diego | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Amy Wintersheimer Findly_     Date June 14, 2010
                                         Amy Wintersheimer Findley

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com