JS-6

O

cc: order, docket, remand letter to
Los Angeles Superior Court,
No. BC 435447

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ALLEN BAYS, an individual,              )  Case No. CV 10-04362 DDP (MANx)
                                        )
              Plaintiff,                )  **ORDER REMANDING CASE FOR LACK OF**
                                        )  **SUBJECT MATTER JURISDICTION**
       v.                               )
                                        )
SPECTRUM SECURITY SERVICES,             )
INC., a California                      )
corporation,                            )
                                        )
              Defendant.                )
_____

This matter comes before the Court on the Court's Order to Show Cause Why This Case Should Not Be Remanded for Lack of Subject Matter Jurisdiction ("OSC"). After reviewing the materials submitted by the parties and considering the arguments therein, the Court concludes that it lacks subject matter jurisdiction and therefore REMANDS the case.

**I.    BACKGROUND**

Defendant Spectrum Security Services, Inc. ("Defendant") had a contract with United States Immigration and Customs Enforcement ("ICE") to provide staffing at various detention facilities. Plaintiff Allen Bays ("Plaintiff"), one of Defendant's employees, alleges that he was asked to falsify logs and time sheets in an

effort to bill the Government for hours that were not actually worked and that he refused to do so. After Defendant terminated Plaintiff's employment, Plaintiff filed this suit against Defendant in Los Angeles County Superior Court on April 8, 2010, alleging that his termination was unlawful retaliation, in violation of California Labor Code section 1102.5 and California's public policy.

On June 14, 2010, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1), which states that an action may be removed by "[a]ny officer of the United States or any agency thereof, or person acting under him, for any act under color of such office." However, removal under this provision is only satisfied if the removing party (1) acted under the direction of a federal officer, (2) demonstrates a causal nexus between the plaintiff's claims and the acts it performed under color of federal office, and (3) raises a <u>colorable federal defense</u>. <u>Fung v. Abex Corp.</u>, 816 F. Supp. 569, 571-72 (emphasis added) (citing <u>Mesa v. California</u>, 489 U.S. 121, 124-25, 134-45 (1989)); <u>see also</u> <u>Willingham v. Morgan</u>, 395 U.S. 402, 406-07 (1969) (holding that the removal statute "is broad enough to cover all cases where federal officers can raise a <u>colorable defense arising out of their duty</u> to enforce federal law" and that "one of the most important reasons for removal is to have the validity of the defense of official immunity tried in federal court) (emphasis added).

On August 13, 2010, the Court issued the OSC questioning whether the Court should remand the case for lack of subject matter jurisdiction because Defendant had not raised a colorable federal defense. Defendant submitted a brief in response to the OSC on

2

August 23, 2010. On the same date, Plaintiff filed a brief in response to the OSC.

**III. DISCUSSION**

Section 1442(a) is a "pure jurisdictional statute, seeking to do nothing more than grant district court jurisdiction over cases in which a federal officer is a defendant." Mesa, 489 U.S. at 136. "Section 1442(a), therefore, cannot independently support Art. III 'arising under' jurisdiction. Rather, it is the raising of a federal question in the officer's removal petition that constitutes the federal law under which the action against the federal officer arises for Art. III purposes." Id. Section 1442(a)(1) merely eliminates the "well pleaded complaint" rule, instead allowing removal to be predicated upon averment of a federal defense. Id. at 136-37.

Here, Defendant has failed to assert any federal defense in the petition for removal or in the answer.[1] Therefore, the Court concludes that removal under 28 U.S.C. § 1442(a)(1) was improper because Defendant has not demonstrated that it has a colorable federal defense to Plaintiff's claims.

///
///
///
///
///
///

---

[1] The Court notes that Defendant has attached a First Amended Answer to his brief in response to the OSC. However, Defendant's First Amended Answer is not properly before this Court, and the Court declines to consider it.

**IV. CONCLUSION**

For the foregoing reasons, the Court remands this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated: 10/7/10

DEAN D. PREGERSON
United States District Judge